# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT H. MCCOLLUM,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BANK OF NEW YORK MELLON as TRUSTEE for the BENEFIT of CERTIFICATE HOLDER of the CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2004-2 and NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>　　　　　Defendants. | CA. NO. 18-CV-30034-MGM |

## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), and Bank of New York Mellon as Bank of New York Mellon as Trustee for the Benefit of The Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2004-2 ("BONY") (collectively "Shellpoint" and "BONY" shall be referred to herein as the "Movants" of "Defendants"), respectfully move the Court for an order dismissing the Amended Complaint (the "Amended Complaint") filed by Plaintiff, Robert H. McCollum ("Plaintiff"). The Amended Complaint must be dismissed because Plaintiff's claims fail to state a claim upon which relief can be granted or are time barred. Further support for this Motion is set forth in the accompanying Memorandum of Law and accompanying exhibits.

WHEREFORE, the Movants respectfully request that the Court (1) grant this motion; (2) dismiss the Amended Complaint, with prejudice and without leave to amend; (3) enter judgment

143262.00689/108993573v.2

in favor of the Movants and against Plaintiff as to all counts; and (4) and grant such other and further relief that the Court deems appropriate.

> Respectfully submitted,
>
> **BLANK ROME LLP**
> *A Pennsylvania LLP*
>
> By: */s/ Michael P. Trainor*
> Michael P. Trainor (BBO# 568910)
> Blank Rome LLP
> 130 N. 18th Street
> Philadelphia, PA 19103
> T: 215-569-5492
> F: 215-832-5492
> mtrainor@blankrome.com
> *Attorneys for Moving Defendants,*
> *New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing and Bank of New York Mellon as Bank of New York Mellon as Trustee for the benefit of The Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2004-2*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Michael P. Trainor, hereby certify that I attempted to confer with plaintiff's counsel by email on June 4, 2018 in a good faith attempt to narrow the issues raised in this motion, and that counsel for Plaintiff did not respond to my request that the parties confer regarding this motion/does not agree with the relief requested herein by the Movants.

*/s/ Michael P. Trainor*
Michael P. Trainor

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on June 6, 2018 this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail, postage prepaid, to those indicated as non-registered participants.

*/s/ Michael P. Trainor*
Michael P. Trainor

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT H. MCCOLLUM,<br><br>   Plaintiff,<br><br>vs.<br><br>BANK OF NEW YORK MELLON as TRUSTEE for the BENEFIT of CERTIFICATE HOLDER of the CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2004-2 and NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>   Defendants. | :<br>:<br>:<br>: CA. NO. 18-CV-30034-MGM<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS' JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

On March 5, 2018, Plaintiff, Robert H. McCollum ("Plaintiff"), filed his initial *pro se* Complaint alleging that his "civil rights" were violated[1] when he purportedly tried to obtain information to pay off his 2003 mortgage, on which he later defaulted. Now through counsel, Plaintiff amended his Complaint and asserts a claim for a violation of Massachusetts General Laws Chapter 93A ("Chapter 93A") with respect to his 2003 mortgage loan. Plaintiff also seeks declaratory relief which attempts to bar any foreclosure arising from the 2003 mortgage loan.

---

[1] Plaintiff's sole allegation in the initial Complaint consisted of the following statement:

> I am an elderly homeowner (73). It is clear to me that this mortgage lender has blatantly violated my civil rights under the Fair Credit Act and Federal Reserve Regulation Z. I attempted to pay off this loan, with help from family and friends. They wouldn't allow me to do a pay off. I also asked the lender for documentation, but the lender was unable to provide it. I don't think this is correct.

3

This Court should dismiss all of Plaintiff's claims because the Chapter 93A claim is untimely and barred by the applicable four-year statute of limitations. Since the 93A claim is untimely, Plaintiff's declaratory relief claim must also fail because there is no independent basis to maintain such a claim. Plaintiff's attempt to style his 93A claim as one or recoupment is similarly not available because the mere fact that a foreclosure sale occurred does not give rise to a recoupment claim. For these reasons and for those that follow, the Court should dismiss the Plaintiff's Amended Complaint, with prejudice.

## I. FACTS ALLEGED IN THE AMENDED COMPLAINT

Plaintiff owns and resides at 179 Shaw Road, Bernardston, MA 01337 (the "Property"). Am. Compl. ¶ 6. On December 15, 2003, Plaintiff obtained a loan from Full Spectrum Lending, Inc. in the original principal amount of $153,000 (the "Loan") to refinance an existing mortgage. Am. Compl. ¶ 7 and Ex. A to Am. Compl. The Loan is evidenced by the Adjustable Rate Note (the "Note") that Plaintiff signed on that same date, and the Note is also secured by a Mortgage on the Property. Plaintiff attached a copy of the Mortgage with the Adjustable Rate Rider to the Amended Complaint.[2]

The Adjustable Rate Rider states, *inter alia*, that the Plaintiff's loan has an initial interest rate of 6.750% that may change on January 1, 2007, but his interest rate will never be greater than 13.75% during the life of the loan. *Id.* at Ex. A to Am. Compl. At or around the time of closing, the Plaintiff also signed a "Lock-In Agreement" which provided the interest rate disclosures for

---

[2] Plaintiff attached a copy of the Mortgage to the Amended Complaint, so it is "part of the pleadings for all purposes" and may be considered in disposing of a motion under Rule 12. See Fed. R. Civ. P. 12. Moreover, the Court may consider the Note, Mortgage and other origination related documents at this stage in the proceedings because those documents are fairly incorporated within the allegations of the Complaint and are, as a result, subject to judicial notice. E.g., In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15-16 (1st Cir. 2003).

his loan. The Plaintiff acknowledged that he read the Lock-In Agreement and agreed to the terms and conditions therein. A true and correct copy of the Lock-In Agreement is attached hereto as **Exhibit 1**.

In addition to the Lock-In Agreement, the Plaintiff was given both preliminary and final loan term disclosures under the federal Truth in Lending Act ("TILA"). Plaintiff signed the required disclosure that he had three (3) full days to cancel the loan transaction if he decided that he did not wish to proceed with the Loan. True and correct copies of the Preliminary and Final TILA Disclosures and the Notice of Right to Cancel are attached collectively hereto as **Exhibit 2**.

Plaintiff's Chapter 93A claim hinges on his theory that the Movants knew or should have known that Plaintiff could not afford to repay his loan based on his annual income in the three years preceding the loan. See Am. Compl. ¶¶ 10-12. However, the terms of the Loan – including those addressing the monthly payments during the introductory period, the interest rate adjustment, and the resulting monthly payment amount – were disclosed to Plaintiff on the face of the Preliminary and Final TILA Disclosures, the Adjustable Rate Rider, and the Lock-In Agreement that he signed on December 15, 2003. See Ex A. of Am. Compl. and Exhibits 1 and 2. Despite the clear disclosures, Plaintiff has alleged that he was a victim of a "scam" involving an affiliate of the original lender and that he had no ability to make the mortgage payments. See Am Compl. at Pg. 1.

Plaintiff represents that, after the Loan's interest rate adjusted on January 1, 2007, he fell behind and could not make the monthly payments on the Loan. See Am. Comp. ¶¶ 13 and 17. Plaintiff's Property was sold at a foreclosure sale that was held on March 6, 2018. See Am. Comp. at Pg. 1. Plaintiff filed his initial *pro se* Complaint on March 5, 2018, but later retained counsel

and filed his Amended Complaint on May 7, 2018. For the first time, in his Amended Complaint, Plaintiff alleged violations of Chapter 93A and seeks declaratory relief against the Movants.

## II. ARGUMENT

### A. Motion to Dismiss Standard.

A complaint must be dismissed where it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This pleading standard does not require "detailed factual allegations," but requires "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007).

Thus, in deciding a motion to dismiss, the district court may disregard "bald assertions, unsupportable conclusions, and opprobrious epithets." In re Citigroup, Inc., 535 F.3d 45, 52 (1st Cir. 2008). The Court must, however, accept well-pleaded allegations as true and draw all reasonable inferences in plaintiff's favor. See Penalbert-Roia v. Fortuno-Burset, 631 F.3d 592, 594-95 (1st Cir. 2011). The court may also consider "documents that are part of or incorporated in the complaint." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009).

### B. Amendment of Pleadings Standard.

A district court may deny leave to amend when the request is futile. Calderon-Serra v. Wilmington Tr. Co., 715 F.3d 14, 19 (1st Cir. 2013) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." Morgan v. Town of Lexington, MA, 823 F.3d 737, 742 (1st Cir. 2016) (quoting Adorno v. Crowley Towing & Transp. Co., 443 F.3d

122, 126 (1st Cir. 2006)); see also D'Agostino v. ev3, Inc., 845 F.3d 1, 6 (1st Cir. 2016) ("A district court's ruling under Rule 15(a) that amendment would be futile 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'").

Accordingly, where a proposed amended pleading would fail to state a plausible claim for relief, the Court should deny the request for leave to amend. See Realty Credit Corp. (USA) v. O'Neill, 745 F.3d 564, 578 (1st Cir. 2014) ("A judge may deny leave if ... the pined-for amendment does not plead enough to make out a plausible claim for relief.").

### C. Plaintiff's Chapter 93A Claim is Untimely.

Plaintiff asserts a Chapter 93A predatory lending claim based on his contention that the Movants knew that he was not able to afford his Loan. Am Compl. ¶¶ 30-34. Under Massachusetts law, "a lender may be liable under [Chapter 93A] for the origination of a home mortgage loan that the lender should recognize at the outset that the borrower is not likely to be able to repay." Drakopoulos v. U.S. Bank Nat'l Ass'n, 991 N.E.2d 1086, 1094 (Mass. 2013) (quotations omitted). Chapter 93A has a four-year statute of limitations on such claims. See M.G.L. c. 260, § 5A. Plaintiff filed this action on March 5, 2018, meaning that any claims that accrued before March 5, 2014 are barred by the applicable statute of limitations. As shown below, Plaintiff's claim is clearly time barred.

#### 1. Plaintiff's Claim Accrued When He Obtained the Loan on December 15, 2003.

To determine if Plaintiff's Chapter 93A claim arising from his Loan is timely, the court must determine if his injury accrued within the limitations period, meaning after March 5, 2014. Massachusetts utilizes a discovery rule for deciding when a claim accrues. See Patsos v. Albany Corp., 741 N.E.2d 841, 846 (Mass. 2001). According to this rule, the limitations period begins "when a plaintiff discovers, or any earlier date when [he] should reasonably have discovered, that

[he] has been harmed or may have been harmed by the defendant's conduct." In re Sheedy, 801 F.3d 12, 21 (1st Cir. 2015). The rule, therefore, "operates to toll a limitations period until a prospective plaintiff learns or should have learned that he has been injured," which may occur in three circumstances: "where a misrepresentation concerns a fact that was inherently unknowable to the injured party, where a wrongdoer breached some duty of disclosure, or where a wrongdoer concealed the existence of a cause of action through some affirmative act done with the intent to deceive." Patsos, 741 N.E.2d at 84 (quotations omitted).

Courts have observed that an alleged injury from a predatory loan usually occurs at the closing of the sale because on that date the mortgagor "should reasonably have discovered" the harmful terms of the loan. See, e.g., In re Sheedy, 801 F.3d at 20-21 (holding that the Chapter 93A claim based on a 2004 mortgage loan accrued when the transaction closed in April 2004 and, therefore, the statute of limitations expired in April 2008); Salois v. Dime Sav. Bank of N.Y., 128 F.3d 20, 24-25 (1st Cir. 1997) (holding that claims accrued when plaintiffs signed the loan contracts because the lender did not conceal from plaintiff the facts giving rise to her claim of predatory lending; rather, the "[loan] documents contained all of the information necessary to determine" the interest rate on the loan); cf. Carter v. Countrywide Fin., No. 2:08-CV-13409, 2009 WL 10680541, at *4 (E.D. Mich. Aug. 24, 2009) (denying motion to dismiss where plaintiff alleged lender concealed the terms of the loan from her).

Here, the statute of limitations on Plaintiff's asserted Chapter 93A claim began to run on December 15, 2003, the date he took out his Loan. See Regal v. Wells Fargo Bank, N.A., 205 F. Supp. 3d 195, 208 (D. Mass. 2016) (Plaintiff's predatory loan claim under 93A was time-barred); Azevedo v. U.S. Bank, N.A., 167 F. Supp. 3d 166, 170 (D. Mass. 2016) (Chapter 93A claim time-barred where Plaintiff learned of the terms of the loan at origination).

The Mortgage and Adjustable Rate Rider that Plaintiff attached to the Amended Complaint shows that Plaintiff was on notice of the terms of the transaction — including the monthly payment, the available repayment options, and the adjustable nature of the interest rate — as of 2003 when he obtained his Loan. See Ex. A to Am. Compl. Moreover, the Plaintiff received and signed Preliminary and Final TILA Disclosures before and at the loan closing. He also signed the Notice of Right to Cancel on December 15, 2003, which gave him the opportunity to cancel the transaction within three (3) days. See Exhibit 2. Plaintiff's Chapter 93A claim is, therefore, untimely because Plaintiff "had all of the information []he needed to allege an unfair loan claim when the loan was originated in 2003," and failed to pursue his rights before the statute of limitations expired in 2007. See Regal, 205 F. Supp. 3d at 208; see also Azevedo, 167 F. Supp. 3d at 170. Plaintiff did not pursue his rights until 2018, which is clearly too late under Chapter 93A's statute of limitations.

Furthermore, Plaintiff has not alleged any circumstances that would justify the tolling of the statute of limitations in this case. See Patsos, 741 N.E.2d at 84; Am. Compl. at Ex. A. Plaintiff does not allege that he was unaware of the Loan when he signed the Note or that any of the Defendants fraudulently concealed the terms of the Loan. To the contrary, Plaintiff attached to his Complaint the Adjustable Rate Rider which shows the initial interest rate, the interest rate, and the maximum interest rate under the terms of the loan. Plaintiff also signed a "Lock-In Agreement" where this information was communicated to him before the closing. See Exhibit 1. Plaintiff also signed Preliminary and Final TILA Disclosures, as well as the Notice of Right to Cancel, before the Loan funded. Therefore, Plaintiff had the relevant information readily available to him so that the Chapter 93A claim accrued on December 15, 2003. As a result, the right to assert such a claim expired on December 15, 2007.

9

### 2. Plaintiff's Recoupment Claim Must Also Fail.

To the extent that the Plaintiff characterizes his Chapter 93A claim as a defense in recoupment, which is not subject to a statute of limitations, this claim must fail because recoupment may only be asserted as a defense to "allow[] a defendant to 'defend' against a claim by asserting — up to the amount of the claim — the defendant's own claim against the plaintiff growing out of the same transaction." Earlier this year, a sister court dismissed a recoupment claim on a substantially similar set of facts. See Galgana v. Wells Fargo Bank, NA, 2018 WL 1542055, *1 (D. Mass. Mar. 29, 2018) (dismissing borrower's Chapter 93A claim, with prejudice, as barred by the statute of limitations); see also Kelly v. Deutsche Bank Nat'l Trust Co., 789 F. Supp. 2d 262, 266 (D. Mass. 2011) (quoting Bolduc v. Beal Bank, SSB, 167 F.3d 667, 672 (1st Cir. 1999)).

Recoupment is an equitable "common law doctrine ... which allows a defendant to 'defend' against a claim by asserting—up to the amount of the claim—the defendant's own claim against the plaintiff growing out of the same transaction." Bolduc v. Beal Bank, SSB, 167 F.3d 667, 672 (1st Cir. 1999). Recoupment is ordinarily "permitted only to reduce or eliminate damages, not to gain some other relief." Id. at 672. n.4. Recoupment is "a defensive mechanism" that a defendant can raise "at any time" to offset damages sought by the plaintiff. May v. SunTrust Mortg., Inc., 7 N.E.3d 1036, 1043 (Mass. 2014).

As in Galgana, which rejected a recoupment claim similarly styled as a Chapter 93A claim, the re-characterization of an affirmative claim as recoupment cannot survive dismissal. The defense of recoupment is not available where Plaintiff asserts an affirmative claim for relief. Hooley v. Bank of NY Mellon, 2016 WL 8710450, *1, *2 (D. Mass. April 15, 2016) (rejecting argument that Plaintiff's time-barred Chapter 93A claim for predatory lending may be asserted

10

defensively to a non-judicial foreclosure). Non-judicial foreclosure is not a "claim" or "action" against which a homeowner may seek recoupment. See In re DiVittorio, 670 F.3d 273, 289 n.12 (1st Cir. 2012); see also Kelly v. Deutsche Bank Nat. Tr. Co., 789 F. Supp. 2d 262, 266-67 (D. Mass. 2011) (Stearns, J.) (dismissing homeowner's untimely state law claim against mortgagor brought "in recoupment" to prevent foreclosure proceedings).

The Galgana case is directly on point and should control the outcome of this case. There, as here, the borrower sought to raise a Chapter 93A claim in 2017 based on a 2004 mortgage loan. Galgana, 2018 WL 1542055, at *4. There were no tolling circumstances pled and the borrower in Galgana, as the Plaintiff in this case, attached documents to the Complaint showing that he was aware of the terms of the loan when he obtained the loan. Id. The borrower in Galgana sought to circumvent the statute of limitations by alleging a claim of "recoupment," but was disallowed because of the aforementioned authorities which hold that recoupment is not available with a claim of affirmative defenses. The Galgana court held that the plaintiff cannot affirmatively assert a claim of recoupment in response to the anticipated non-judicial foreclosure on the plaintiff's home. One notable difference, however, is that in Galgana the foreclosure sale had not yet taken place; here, however, the Property has already been sold so there is essentially nothing to 'defend.' The Galgana court[3] ultimately refused amendment and dismissed the case with prejudice. The same reasoning applies here and, as a result, this Court should also dismiss the Plaintiff's Chapter 93A claim.

**D. Plaintiff's Declaratory Judgment Claim Fails Because His Chapter 93A Claims are Subject to Dismissal.**

---

[3] This decision is currently on appeal with the First Circuit Court of Appeals, filed on May 1, 2018.

143262.00689/108993573v.2

Plaintiff also seeks a declaratory judgment that the Loan is void and not enforceable because it "contained patently illegal characteristics." See Am. Compl. ¶ 26. "In order for a court to entertain a petition for declaratory relief," however, "an 'actual controversy' sufficient to withstand a motion to dismiss must appear on the pleadings." Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc. v. Comm'r of Ins., 373 Mass. 290, 292 (1977); see also Level 1 Techs., Inc. v. C.R. Bard, Inc., 839 F. Supp. 90, 91 (D. Mass. 1994) ("The existence of an actual controversy is a requisite for declaratory judgment jurisdiction.").

Under Massachusetts law, an "actual controversy" requires:

> a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation.

Bunker Hill Distrib., Inc. v. Dist. Attorney for Suffolk Cty., 379 N.E.2d 1095, 1098 (Mass. 1978) (quotations omitted).

In order to obtain declaratory relief, it is not sufficient "for a plaintiff to simply find a defendant who disagrees on some point of law." Bonan v. City of Bos., 496 N.E.2d 640, 644 (Mass. 1986). The plaintiff is required to "demonstrat[e] that they are entitled to [a] declaration of rights." Id. at 642.

Here, the Court should reject Plaintiff's request for declaratory judgment because there is no actual controversy given that the Plaintiff's only substantive claim – his 93A claim - is untimely. The Galgana case is also on point on this issue. As in Galgana, where the borrower's substantive claims were found to be untimely, the Plaintiff here is also not entitled to a declaration of rights in this case.

### E. Amendment Should Be Denied Because Plaintiff's Claims are Futile.

To the extent that Plaintiff seeks any further amendment of his pleadings, such amendment would be futile because the Plaintiff's purported claims are time barred. Plaintiff's Chapter 93A predatory loan claim is solely based on the terms of a 2003 mortgage loan, and his purported cause of action on that loan expired in 2007. There are no other loans alleged in the Amended Complaint and there are no tolling circumstances that apply since the Plaintiff clearly received and signed the pertinent loan disclosures in 2003. Plaintiff's proposed amendment cannot overcome this barrier to relief, so any amendment would be futile.

### III.   CONCLUSION

For the reasons set forth above, the Movants respectfully request that this Court (1) grant this motion; (2) dismiss the Amended Complaint, with prejudice and without leave to amend; (3) enter judgment in favor of Movants and against Plaintiff as to all counts; and (4) and grant such other and further relief that the Court deems appropriate.

**BLANK ROME LLP**
*A Pennsylvania LLP*
Michael P. Trainor (BBO# 568910)
Blank Rome LLP
130 N. 18th Street
Philadelphia, PA 19103
T: 215-569-5492
F: 215-832-5492
mtrainor@blankrome.com
*Attorneys for Defendants,*
*New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing and Bank of New York Mellon as Bank of New York Mellon as Trustee for the benefit of The Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2004-2*

Dated: June 6, 2018